**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JOEL C. WIENKE**
Greencastle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Jan 19 2012, 9:34 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

MARIE ROBINSON,              )
                            )
   Appellant-Defendant,     )
                            )
        vs.              )        No. 67A01-1107-CR-306
                            )
STATE OF INDIANA,            )
                            )
   Appellee-Plaintiff.      )

APPEAL FROM THE PUTNAM CIRCUIT COURT
The Honorable Matthew L. Headley, Judge
Cause No. 67C01-1103-FB-45

**January 19, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Marie Robinson broke and entered a woman's home and stole her poodle. She was charged with and convicted of class B felony burglary and class D felony theft. On appeal, she challenges the sufficiency of the evidence supporting her burglary conviction, claiming that she did not intend to steal the dog until after she broke into the home and thus is guilty of the lesser included offense of class D felony residential entry. We affirm.

**Facts and Procedural History**

On March 7, 2011, Robinson walked up to Julie Burns's Greencastle home and rang the doorbell. Burns answered the door. Robinson told Burns that "her dog had got killed and she was looking for a poodle to buy." Tr. at 67. Burns told Robinson that she no longer sold dogs. Robinson asked if she could come inside. Because her pets were attempting to "get out the door," Burns allowed Robinson inside. *Id*. at 68. Robinson picked up Burns's poodle and said, "[T]his is just what I want." *Id*. Burns said, "I'm sorry but she's not for sale." *Id*. Burns told Robinson that she had to pick up her granddaughter at school, and the two women left the home. Burns closed her storm door and main door but did not lock them.

As Burns drove away, she saw Robinson standing near her driveway, smoking a cigarette. Robinson waved at Burns, who "felt … something was wrong." *Id*. at 70. When Burns drove around the corner, she saw Robinson walk into her driveway. At that point, Burns "knew something was wrong," so she drove around the block and returned to her driveway, which took approximately three minutes. *Id*. at 72. Upon her arrival, Burns saw Robinson walking toward the street with Burns's poodle in her arms. Robinson, who

2

appeared "very startled," turned and walked through Burns's backyard. *Id*. at 73. Burns could not catch Robinson and called 911. Police officers soon apprehended Robinson, who initially told them that the poodle belonged to her. Eventually, she admitted that "she saw the dog and that she liked it, [and that] was the reason she took it." *Id*. at 103.

The State charged Robinson with class B felony burglary, class D felony theft, and class A misdemeanor resisting law enforcement. During a May 2011 jury trial, the trial court granted Robinson's motion for a directed verdict on the resisting law enforcement charge and instructed the jury on class D felony residential entry, a lesser included offense of burglary. During closing argument, defense counsel conceded that Robinson had committed residential entry and theft but asked the jury to find her not guilty of burglary because the State had not "proven that she had criminal intent when she walked into that home to steal the dog." *Id*. at 137. The jury found Robinson guilty of burglary, theft, and residential entry. At the sentencing hearing, the trial court merged the residential entry conviction with the burglary conviction and entered judgment of conviction only on the burglary and theft convictions. This appeal ensued.

**Discussion and Decision**

A person commits class B felony burglary by breaking and entering the dwelling of another person with intent to commit a felony in it. Ind. Code § 35-43-2-1. The State alleged that Robinson committed burglary by breaking and entering Burns's dwelling with intent to commit the felony of theft. A person commits class D felony residential entry by knowingly or intentionally breaking and entering the dwelling of another person. Ind. Code § 35-43-2-

1.5.  On appeal, Robinson contends that "[t]he State failed to prove beyond a reasonable doubt that [she] had the intent to commit a felony at the time that she broke and entered into Burns' dwelling.  Therefore, the State merely proved that Robinson committed the crimes of residential entry and theft, rather than burglary and theft."  Appellant's Br. at 4.

Our standard of review is well settled:

> Upon review of a claim of insufficient evidence, we neither reweigh the evidence nor judge the credibility of the witnesses.  We will affirm a conviction unless, considering only the evidence and reasonable inferences favorable to the verdict, we conclude that no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt.  It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence.  Instead, the evidence is sufficient if an inference may reasonably be drawn from it to support the jury's verdict.

*Stokes v. State*, 922 N.E.2d 758, 763 (Ind. Ct. App. 2010) (citations omitted), *trans. denied*.

In this case, we are concerned with when, rather than whether, Robinson formed the requisite intent to steal Burns's poodle.  Robinson notes that she "testified that she intended to play with the dog when she opened the door and walked into Burns' home the second time" and argues that she "did not develop the intent to steal the dog until after she had entered the home.  The State presented no direct evidence rebutting this testimony." Appellant's Br. at 4.

We note, however, that "[i]ntent to commit a felony may be inferred from the surrounding circumstances of a crime." *Canaan v. State*, 541 N.E.2d 894, 909 (Ind. 1989), *cert. denied* (1990).  Moreover, it is well within a jury's province to disbelieve a defendant's version of events.  *Belser v. State*, 727 N.E.2d 457, 465 (Ind. Ct. App. 2000), *trans. denied*. Here, Robinson told Burns that the poodle was just what she wanted but was informed that

4

the dog was not for sale. Robinson lingered in front of Burns's home while Burns drove off to pick up her granddaughter. Burns saw Robinson walk into her driveway, circled the block, and returned within three minutes to see Robinson carrying the poodle in her arms. This evidence is more than sufficient to support the jury's determination that Robinson intended to steal the poodle when she broke and entered Burns's home. Robinson's argument to the contrary is merely a request to reweigh evidence and judge credibility in her favor, which we may not do. Based on the foregoing, we affirm Robinson's burglary conviction.

Affirmed.

MAY, J., and BROWN, J., concur.